UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DANIEL JOSEPH BOUDREAUX** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1772** |
| **LAFOURCHE PARISH, ET AL.** | **SECTION: "B"(3)** |

## REPORT AND RECOMMENDATION

Plaintiff, Daniel Joseph Boudreaux, a state pretrial detainee, filed this federal civil action pursuant to 42 U.S.C. § 1983.[1] He sued the Lafourche Parish Government (identified in the complaint as "Lafourche Parish") and Lt. Trent Duplantis.[2] He subsequently amended his complaint to add Lafourche Sheriff Parish Craig Webre and the State of Louisiana as defendants.[3]

In the complaint, plaintiff states his claims as follows:

On August 23rd, 2021 I left my brother's house with a rifle in my hand with no ammo in the rifle or clip. The family of Mr. Boudreaux let the officer know about this before he shot Mr. Boudreaux. So Mr. Boudreaux ran from his brother's house with a rifle to his sister's house and jump the fence into a field. Mr. Boudreaux never even looked back. He woke up in the hospital and was shot twice in the back of the arm and the back of the hip by Lt. Trent Duplantis. He came to Lafourche Parish (Officer Trent Duplantis) and came in the dorm as Mr. Boudreaux and talked of the case with other inmates. I died on the emergency room table and they had to bring me back to life. They also charged me with aggravated assault on a peace officer when I never layed eyes on any officer. I am also charged with theft of a firearm when my brother never said it was stolen. They also charged me with flight

---

[1] In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ….

42 U.S.C. § 1983.
[2] Rec. Doc. 1.
[3] Rec. Doc. 12.

from an officer.  Reckless operation without accident was another charge.  I didn't recklessly operate the vehicle.[4]

### I.  The Lafourche Parish Government

The Lafourche Parish Government has filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[5]  Plaintiff was ordered to file a response to that motion on or before February 2, 2022;[6] however, no response was filed.  Accordingly, the motion stands unopposed.

### A.  Rule 12(b)(1)

Where, as here, "a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."  Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001).  Pursuant to Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."  Home Builders Association of Mississippi, Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998) (quotation marks omitted).

In support of its argument that this Court lacks jurisdiction, the Lafourche Parish Government cites Atakapa Indian de Creole Nation v. Louisiana, 943 F.3d 1004 (5th Cir. 2019).  In Atakapa, the United States Fifth Circuit Court of Appeals held that "the plaintiff's claims are frivolous and the district court therefore lacked jurisdiction to entertain them."  Id. at 1005.  In reaching that conclusion, the Fifth Circuit employed an exception applicable to cases in which the plaintiff's claims are "so insubstantial, implausible, or otherwise completely devoid of merit as not

---

[4] Rec. Doc. 1, pp. 4-5.
[5] Rec. Doc. 9.
[6] Rec. Doc. 10.

2

to involve a federal controversy." Id. at 1006 (quotation marks and ellipsis omitted). And the claims in Atakapa clearly fell within that exception, with the Fifth Circuit explaining:

> The pleadings speak for themselves. To begin with, the Atakapa's counsel, Edward Moses, Jr. – who appears to be the real plaintiff – refers to himself throughout under such titles as: "His Majesty," "The Christian King de Orleans," "The God of the Earth Realm," and the "Trust Protector of the American Indian **Tribe of מֹשֶׁה Moses**" (bold and Hebrew script in original).
> The plaintiff's claims are no less bizarre. For instance, the original complaint alleges, without any explanation, that the Atakapa are being held in "pupilage" by the United States and as "wards" of Louisiana. The first amended complaint seeks a "declaration of rights guaranteed by the 1795 Spanish Treaty with the Catholic Majesty of Spain and the 1800 French Treaty with the former Christian Majesty of France." The proposed second amended complaint attempts to name these additional defendants: Secretary of the Interior Ryan Zinke, Attorney General Jeff Sessions, King Felipe VI of Spain, Prime Minister Justin Trudeau of Canada, President Emmanuel Macron of France, Chancellor Angela Merkel of Germany, Prime Minister Theresa May of the United Kingdom, Pope Francis, President Xi Jinping of China, President Abdel Fattah el-Sisi of Egypt, Prime Minister Fayez al-Sarraj of Libya, President George Weah of Liberia, Prime Minister Antonio Costa of Portugal, and President Donald J. Trump. That same document also alleges that the United States and Louisiana seek to monopolize "intergalactic foreign trade." This was no typographical error: the plaintiff continues to argue on appeal that the defendants are attempting to "monopolize domestic, international and intergalactic commercial markets."
> We will not try to decipher what any of this means. To do so might suggest that these arguments have some colorable merit.

Id. at 1006-07 (quotation marks, ellipsis, and brackets omitted).

However, although the exception employed in Atakapa has long been recognized, it is a "narrow" one. Carmichael v. United Technologies Corp., 835 F.2d 109, 114 (5th Cir. 1988); accord Williamson v. Tucker, 645 F.2d 404, 415 (5th Cir. 1981) ("[A]s a general rule a claim cannot be dismissed for lack of subject matter jurisdiction because of the absence of a federal cause of action. The exceptions to this rule are narrowly drawn, and are intended to allow jurisdictional dismissals only in those cases where the federal claim is clearly immaterial or insubstantial."). That narrow exception should not be employed in a routine case such as this one, in which

plaintiff's allegations against the Lafourche Parish Government – although insufficient to state a claim for the reasons discussed *infra* – simply are not of the same ilk as those in Atakapa.

Instead, here, it is more appropriate to apply the general rule.  Under that general rule, "[a] Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction is not the proper mechanism to challenge the merits of [a plaintiff's] claims." Payne v. Progressive Financial Services, Inc., 748 F.3d 605, 608 (5th Cir. 2014).  Therefore, "when a defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper procedure for the district court is to find that jurisdiction exists and to deal with the objection as a direct attack on the merits of the plaintiff's case." Daigle v. Opelousas Health Care, Inc., 774 F.2d 1344, 1347 (5th Cir. 1985).

Therefore, in the instant case, it would be more appropriate for the Court to consider an alternative argument advanced by the Lafourche Parish Government in its motion, i.e. that dismissal is warranted under Rule 12(b)(6).

### B.  Rule 12(b)(6)

Rule 12(b)(6) allows a defendant to move for dismissal when a plaintiff fails to state a claim upon which relief can be granted.  In ruling on such a motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (quotation marks omitted).  However, "[t]o survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to state a claim to relief that is plausible on its face.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. (citation, footnote, and quotation marks omitted).

Where, as here, a plaintiff has sued a parish governing body, his claims must be analyzed under the standards set forth in Monell v. Department of Social Services, 436 U.S. 658 (1978). See, e.g., Slade v. Lafourche Parish, Civ. Action No. 21-1816, 2022 WL 324006, at *3 (E.D. La. Jan. 19, 2022), adopted, 2022 WL 319823 (E.D. La. Feb. 2, 2022); Benoit v. Louisiana, Civ. Action No. 21-1887, 2021 WL 5569667, at *3 (E.D. La. Nov. 8, 2021), adopted, 2021 WL 5565800 (E.D. La. Nov. 29, 2021); Galliano v. Lafourche Parish, Civ. Action No. 21-1727, 2021 WL 4501775, at *2 (E.D. La. Sept. 30, 2021), adopted, 2021 WL 4501776 (E.D. La. Oct. 1, 2021).

Monell provides:

> [A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

Monell, 436 U.S. at 694. Therefore, the United States Fifth Circuit Court of Appeals has held:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, **a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted**. To satisfy the cause in fact requirement, **a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom**. The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (emphasis added; citations, quotation marks, and brackets omitted). Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, 981 F.2d 237, 245 (5th Cir. 1993); see also Wetzel v. Penzato, Civ. Action No. 09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009). Rather, he must identify the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v.

5

Town of Mansura, 76 F. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 F. App'x 315, 316 (5th Cir. 2003); Wetzel, 2009 WL 5125465, at *3.

In the instant case, plaintiff has not alleged that his constitutional rights were violated as a result of a policy or custom of the Lafourche Parish Government, much less identified such a policy or custom.[7] For that reason alone, plaintiff has failed to state a claim against the Lafourche Parish Government, and so the instant motion to dismiss should be granted pursuant to Rule 12(b)(6).

## II.  State of Louisiana

In his amended complaint, plaintiff added the State of Louisiana as a defendant. However, the Court, pursuant to its screening authority, should dismiss the claim against that defendant *sua sponte*.

Plaintiff filed this federal civil action *in forma pauperis*. Concerning such actions, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i)    is frivolous or malicious;

---

[7] Indeed, it appears that plaintiff could not do so because his claims are founded on the purported actions of Lt. Trent Duplantis – and plaintiff indicates that Duplantis is an officer of the Lafourche Parish **Sheriff's Office**. See Rec. Doc. 1, p. 4. The problem for plaintiff is that the Lafourche Parish Sheriff's Office is a distinct entity separate and apart from the Lafourche Parish Government. As United States District Judge Jay C. Zainey has explained:

> In Louisiana, **a parish sheriff** occupies a constitutional office which **exists and functions independently of the governing body of the parish**. Kraft v. Lee, 2006 WL 3395592 (E.D. La. 2006) (quoting Broussard v. Boudin, 2004 WL 223984 (E.D. La. 2004)); La. Const. art. 5 § 27; La. Const. art. 6, §§ 5(G) and 7(B). Thus, **a parish government has no authority over a parish sheriff or, by extension, his deputies**. See Foster [v. Hampton], 352 So.2d 197, 203 [(La. 1977)]; Nall v. Parish of Iberville, 542 So. 2d 145 (La. App. 1st Cir. 1989).

Elsensohn v. Parish of St. Tammany, Civ. Action No. 06-11393, 2007 WL 9758151, at *2 (E.D. La. June 11, 2007) (emphasis added).
Therefore, even if plaintiff's allegations concerning Lt. Duplantis are true and are otherwise sufficient to support a nonfrivolous claim, there is no basis for holding the Lafourche Parish Government liable because that entity neither employs Lt. Duplantis nor has any authority over the manner in which he performs his duties.

6

> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In addition, because plaintiff is incarcerated, he is also subject to the screening provisions of 28 U.S.C. § 1915A. That statute mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[8] Regarding such lawsuits, federal law similarly requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Plaintiff's claim against the State of Louisiana fails for two reasons. First, a state is not a "person" subject to suit under § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 66 (1989); Cronen v. Texas Department of Human Services, 977 F.2d 934, 936 (5th Cir. 1992); Tyson v. Reed, Civ. Action No. 09-7619, 2010 WL 360362, at *3 (E.D. La. Jan. 21, 2010). Second, even if the State of Louisiana were otherwise a proper defendant, which it is not, it would still be protected against any § 1983 claim by the Eleventh Amendment. Unless a state has waived its immunity, the Eleventh Amendment bars the state's citizens from filing suit against the state in

---

[8] "As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

federal court for either monetary damages or injunctive relief.  <u>Cozzo v. Tangipahoa Parish Council-President Government</u>, 279 F.3d 273, 280 (5th Cir. 2002); <u>Tyson</u>, 2010 WL 360362, at *3.  The United States Fifth Circuit Court of Appeals has noted:

> By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court.  <u>See</u> La.Rev.Stat.Ann. § 13:5106(A).
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power.  We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

<u>Cozzo</u>, 279 F.3d at 281 (quotation marks and citations omitted).

For those reasons, the claim against the State of Louisiana should be dismissed.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that the Lafourche Parish Government's unopposed motion to dismiss, Rec. Doc. 9, be **GRANTED** and that the claims against that defendant be **DISMISSED WITH PREJUDICE**.

It is **FURTHER RECOMMENDED** that plaintiff's claim against the State of Louisiana be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

It is **FURTHER RECOMMENDED** that plaintiff's claims against Lt. Trent Duplantis and Sheriff Craig Webre remain referred to the undersigned United States Magistrate Judge for further proceedings and consideration.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __7th__ day of March, 2022.

```
                              _____
                              DANA M. DOUGLAS
                              UNITED STATES MAGISTRATE JUDGE
```