UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DANIEL JOSEPH BOUDREAUX** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1772-DPC** |
| **LAFOURCHE PARISH, ET AL.** | |

### ORDER AND REASONS

Plaintiff Daniel Joseph Boudreaux filed this *pro se* and *in forma pauperis* prisoner civil rights suit under 42 U.S.C. § 1983 against the Lafourche Parish Government (identified in the complaint as "Lafourche Parish") and Lt. Trent Duplantis.[1] Boudreaux subsequently amended his complaint to add Lafourche Sheriff Parish Craig Webre and the State of Louisiana as defendants.[2] Boudreaux's claims arose from his apprehension and arrest on August 23, 2021, during which he was allegedly shot by Lt. Duplantis.

On March 7, 2022, United States Magistrate Judge Dana M. Douglas issued a report recommending that Boudreaux's claims against the Lafourche Parish Government and the State of Louisiana be dismissed with prejudice and that his claims against Lt. Trent Duplantis and Sheriff Craig Webre be allowed to proceed.[3] On April 14, 2022, Senior United States District Judge Ivan L. R. Lemelle adopted those recommendations.[4]

---

[1] ECF No. 1.
[2] ECF No. 12.
[3] ECF No. 15; *Boudreaux v. Lafourche Parish*, Civ. Action No. 21-1772, 2022 WL 1123818 (E.D. La. Mar. 7, 2022).
[4] ECF No. 17; *Boudreaux v. Lafourche Parish*, Civ. Action No. 21-1772, 2022 WL 1120072 (E.D. La. Apr. 14, 2022).

On May 17, 2022, Lt. Duplantis and Sheriff Webre then filed an answer.[5] The parties having subsequently consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c),[6] a trial before Magistrate Judge Douglas was scheduled for January 26, 2023.[7] After the Senate confirmed Judge Douglas as a Circuit Judge for the United States Fifth Circuit Court of Appeals, this case was randomly reallotted to me.[8] Due to a scheduling conflict with the previously scheduled trial date, I held a conference with the parties on January 12, 2023. At that conference, a final pretrial conference, by videoconference, was scheduled for April 10, 2023, and a trial without a jury was scheduled to commence on April 20, 2023.[9]

In March of 2023, court notices sent via U.S. Mail to Boudreaux began being returned by the United States Postal Service as undeliverable, bearing notations that he had been transferred from the Lafourche Parish Detention Center, his address of record.[10] When I then attempted to conduct the final pretrial conference as scheduled on April 10, 2023, Boudreaux failed to appear. Defense counsel appeared, however, and advised that Boudreaux pled guilty to certain criminal charges in November of 2022 and was transported by the Louisiana Department of Corrections to another facility on February 20, 2023. Due to Boudreaux's absence and his failure to provide a new address, the April 20 trial was continued. Moreover, because Boudreaux had not filed a Notice of Change of Address as required by this court's Local Rules, I issued a minute entry ordering him to file a change of address within 30 (thirty) days and notifying him that failure to

---

[5] ECF No. 19.
[6] ECF No. 22.
[7] ECF No. 21.
[8] ECF No. 23.
[9] ECF No. 25.
[10] ECF Nos. 30 and 31.

comply with that order could result in dismissal of his case.[11]  Subsequently, that minute entry was likewise returned to the court as undeliverable by the United States Postal Service.[12]

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of a plaintiff to prosecute or comply with any order of the court.[13]  In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order.[14]  Because Boudreaux is proceeding *pro se*, it is apparent that this court must weigh his actions alone in considering dismissal of this action under Rule 41(b).  A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law.[15]  A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance.[16]

All litigants are obligated to keep the court advised of any address change.[17]  In addition, the complaint form used by Boudreaux to institute this action contains the following declaration: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."[18]

---

[11] ECF No. 32.
[12] ECF No. 33.
[13] *Hulsey v. State of Texas*, 929 F. 2d 168, 171 (5th Cir. 1991); *McCullough v. Lynaugh*, 835 F. 2d 1126, 1127 (5th Cir. 1988); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F. 2d 744, 749 (5th Cir. 1987).
[14] *Markwell v. County of Bexar*, 878 F. 2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F. 2d 472, 474-75 (5th Cir. 1986).
[15] *Birl v. Estelle*, 660 F. 2d 592, 593 (5th Cir. 1981); *Edwards v. Harris County Sheriff's Office*, 864 F. Supp. 633, 637 (S.D. Tex. 1994).
[16] *Kersh v. Derozier*, 851 F. 2d 1509, 1512 (5th Cir. 1988); *Birl*, 660 F. 2d at 593.
[17] *See* EDLA Local Rules 11.1 ("Each attorney and pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number change.") and 41.3.1 ("The failure of an attorney or pro se litigant to notify the court of a current e-mail or postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return.").
[18] ECF No. 1, ¶VI(2), at 6 (Plaintiff's Declaration).

"[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute."[19]

Boudreaux did not provide a current address by the deadline imposed by the court's prior order or within 35 days of the return of the first undeliverable envelope. His failure to comply with the court's rules and orders has created delay in the court's ability to efficiently manage the case. This delay is caused by and attributable to Boudreaux himself, justifying dismissal of his remaining claims for failure to prosecute.[20]

Accordingly,

**IT IS ORDERED** that plaintiff Daniel Joseph Boudreaux's claims against Lt. Trent Duplantis and Lafourche Sheriff Parish Craig Webre are **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to FED. R. CIV. P. 41(b).

New Orleans, Louisiana, this 15th day of May, 2023.

**DONNA PHILLIPS CURRAULT**
**UNITED STATES MAGISTRATE JUDGE**

---

[19] *Lewis v. Hardy*, 248 F. App'x 589, 2007 WL 2809969, at *4 n.1 (5th Cir. 2007).
[20] *See Torns v. State of Miss. Dept. of Corrs.*, 262 F. App'x 638, 639 (5th Cir. 2008); *Raborn v. Inpatient Mgt. Partners, Inc.*, 278 F. App'x 402, 404-05 (5th Cir. 2008).